**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3858-24

MAGDALENA VALDES,

     Plaintiff-Respondent,

v.

JUAN VALDES,

     Defendant-Appellant.

_____

HERSHY HOROWITZ,

     Intervenor-Respondent.

_____

     Submitted April 28, 2026 – Decided July 13, 2026

     Before Judges Susswein and Augostini.

     On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-0642-07.

     Juan Valdes, self-represented appellant.

     Kessler Law, LLC, attorneys for intervenor-respondent (Adam S. Kessler, on the brief).

PER CURIAM

This post-divorce appeal arises from a longstanding dispute between the parties regarding the sale of two marital properties. Defendant Juan Valdes appeals from the June 27, 2025 order denying his motion to enforce a provision in the parties' Property Settlement Agreement (PSA) regarding the sale of the properties and granting plaintiff Magdalena Valdes' cross-motion enforcing the October 25, 2024 order.[1] We affirm substantially for the reasons expressed by the family court judge in his June 27, 2025 order.

I.

The parties were divorced on October 17, 2007. The Final Judgment of Divorce incorporated their PSA resolving the distribution of two marital properties: one in Elizabeth and the other in Bayonne.

The PSA provided that defendant would "immediately list both properties for sale with realtors of defendant's choosing," and that defendant "shall have one year from the date of the initial listing to control the listing and selling price." If the properties did not sell within one year, plaintiff would "have the ability to find and list the properties with realtors of her own choosing," and "the

---

[1] The October 25, 2024 order has two date stamps on it, October 25 and October 28, from two judges. This is one and the same order.

exclusive ability to accept offers that are extended to her."  However, the PSA also provided that "[d]efendant shall continue to control listing of the properties until properties are sold and have the ultimate right to accept any offers."

For more than a decade after their divorce, neither party took steps to sell the properties.  In December 2020, plaintiff filed a motion in the Family Part seeking enforcement of the PSA and an order directing defendant to list the properties for sale.  Defendant cross-moved, seeking to modify the PSA and asserting defenses, including laches, and asserting prejudice from plaintiff's inaction.

On April 16, 2021, the court issued two orders:  (1) granting, in part, plaintiff's request to direct defendant to immediately list the properties for sale and provide plaintiff with contact information for the real estate agent; and (2) enforcing the PSA as follows:  directing the sale of the Elizabeth property and establishing a process for identifying a realtor.  The court also directed that thirty percent of the net proceeds of the sale of the property be distributed to plaintiff.

Ten days later, defendant executed a contract for the sale of the Elizabeth property with respondent Hershy Horowitz.[2]  On May 14, 2021, defendant sold

_____

[2]  On October 6, 2025, we granted respondent's motion to intervene in this appeal.

A-3858-24

the Bayonne property without plaintiff's knowledge. On September 17, 2021, the court issued an order directing defendant to provide all documentation regarding the sale of the Bayonne property, and authorizing plaintiff's attorney to act as attorney-in-fact for defendant to retain a realtor for the sale of the Elizabeth property.

Between April and July 2022, defendant attempted to file a motion to dismiss the matter, which was deficient. Ultimately, the court dismissed defendant's motion for failure to correct the deficiencies. On September 1, 2024, defendant filed another motion to dismiss the family court action for lack of prosecution. In turn, plaintiff cross-moved, seeking to enforce the April 16, 2021 orders and to hold defendant in contempt.

On October 25, 2024, the court denied defendant's motion to dismiss with prejudice and granted plaintiff's motion to list the properties for sale, directing that plaintiff be involved in that process. In this order, the court underscored that defendant has violated numerous court orders by:

> (1) acting unilaterally without the knowledge or authorization of plaintiff by first selling the real proper[t]y located . . . [in Bayonne] for which plaintiff'[s] counsel is still without information ordered on September 17, 2021 to be provided and (2) acting unilaterally without the knowledge or authorization of plaintiff by entering into a contract of sale for the Elizabeth [p]roperty, which has caused defendant to

A-3858-24

seek intervention in the pending Union County [l]itigation for which the contract purchaser of the Elizabeth [p]roperty seeks damage for breach of contract in failing to conclude the sale and also specific performance.

The court granted plaintiff's request to enforce the two April 16, 2021 orders and enjoined defendant from "selling or encumbering the Elizabeth property" in any manner. The court also granted plaintiff's motion to adjudicate defendant in contempt. Defendant sought reconsideration of the order, which the court denied on December 13, 2024.

On January 29, 2025, Horowitz entered into a contract with plaintiff to buy the Elizabeth property.

On April 20, 2025, defendant filed a motion to vacate or modify the October 25, 2024 order now seeking relief under Rule 4:50-1, and again arguing that the order was inconsistent with the PSA. Horowitz filed a motion to intervene pursuant to Rule 4:33-1, arguing that he had an interest in the property at issue, which the court denied.

On May 23, the court denied defendant's motion finding that defendant failed to meet the Rule 4:50-1 standard and noting that this motion was defendant's "third bite at the proverbial apple."

On June 1, defendant filed another motion to enforce paragraph five of the PSA, again asserting that the October 25, 2024 order was inconsistent with the PSA. In response, plaintiff filed opposition and a cross-motion, seeking to dismiss defendant's motion and enforce the October 25 order. On June 27, 2025, the family court denied defendant's motion and granted plaintiff's cross-motion, reaffirming plaintiff's authority to proceed with the sale.

In its June 27, 2025 order, the Family Part reasoned that defendant's motion "reads as if this is the first application filed following the parties' divorce," and found that it:

> completely ignores the actions and conduct of defendant in previously acting to the detriment of [] plaintiff by attempting to sell the Elizabeth property absent authorization, for which this issue was previously adjudicated without any appeal to the Appellate Division, yet for which several motions for reconsideration were filed and all denied.

The court concluded that defendant "presents neither any new or overlooked facts nor law warranting the requested relief whether under a reconsideration standard or relief from order standard." The court granted plaintiff's cross-motion to enforce the October 25, 2024 order, noting that "nothing is presented warranting any change in the prior [o]rders of this [c]ourt as enumerated above." On August 8, the trial court denied a stay of the June 27, 2025 order.

6

On appeal, defendant contends the trial court erred by: (1) modifying or disregarding paragraph five of the parties' PSA without finding changed circumstances; (2) failing to make adequate findings of fact or conclusions of law in support of the June 27 order; (3) failing to address "plaintiff[]'s unauthorized contract with a third party" in violation of paragraph five of the PSA; and (4) disregarding the express terms of the PSA and controlling legal standards.

II.

We review a motion to vacate final judgment under Rule 4:50-1 for an abuse of discretion. 257-261 20th Ave. Realty, LLC v. Roberto, 259 N.J. 417, 436 (2025); BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 124 (App. Div. 2021). An abuse of discretion occurs when the trial court's decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Savage v. Township of Neptune, 472 N.J. Super. 291, 313 (App. Div. 2022), aff'd in part, rev'd in part, 257 N.J. 204 (2024) (quoting Wear v. Selective Ins. Co., 455 N.J. Super. 440, 458 (App. Div. 2018) (citation omitted)). "When examining a trial court's exercise of discretionary authority, we reverse only when the exercise of discretion was 'manifestly unjust' under the circumstances." Newark

7

Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)). We also review a trial court's decision on a motion for reconsideration under an abuse of discretion standard. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996).

"New Jersey has long espoused a policy favoring the use of consensual agreements to resolve marital controversies." Konzelman v. Konzelman, 158 N.J. 185, 193 (1999). Courts recognize the contractual nature of such agreements. Pacifico v. Pacifico, 190 N.J. 258, 265 (2007). PSAs are contracts and "should be enforced according to the original intent of the parties." J.B. v. W.B., 215 N.J. 305, 326 (2013) (citing Pacifico, 190 N.J. at 266). Therefore, "absen[t] . . . unconscionability, fraud, or overreaching in negotiations of the settlement," a trial court has "no legal or equitable basis . . . to reform the parties' property settlement agreement." Ibid. (alteration in original) (quoting Miller v. Miller, 160 N.J. 408, 419 (1999) (internal quotation marks omitted)).

Defendant's arguments lack merit warranting discussion in a written opinion under Rule 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by the family court judge and add the following brief remarks.

8

As the trial court correctly explained, defendant's motion challenging the June 27 order is a repeated attempt at reconsideration of prior orders which had previously been adjudicated without any appeal taken. In its May 23, 2025 order, the court aptly noted there as well that defendant "repeats the same arguments advanced and rejected on [] prior motions" none of which were appealed, and he "ignores the litany of [o]rders entered since the [PSA] and April 16, 2021 order[s] and presents this motion as if his position is raised for the first time." The court found no factual or legal basis under Rule 4:50-1 to grant relief to defendant, and nothing has changed since the time the court issued the June 27 order approximately one month later.

In their PSA, the parties agreed to equitable distribution of two marital properties and included a time frame by which these properties were to be sold. Defendant did not comply with the terms of the PSA and has filed repeated motions hoping for a different outcome. Moreover, defendant has been in violation of the terms of the PSA and prior court orders and has been held in contempt for his failure to comply, particularly because he sold the Bayonne property without plaintiff's knowledge or involvement.

Defendant attempts once again to assert that he alone had exclusive authority under the PSA to "control the listing and sale of the Elizabeth

property," and that plaintiff had no authority to contract with third parties. Defendant's contention, however, ignores the preceding language of paragraph five of the PSA, which provided:

> In the event the properties do not sell within one year from the first listing date, plaintiff shall have the ability to find and list the properties with [r]ealtors of her own choosing. Plaintiff will have the exclusive ability to accept offers that are extended to her. Defendant is to be kept informed but have no right to make decision regarding the sale. However, in order to avoid wasting of marital assets, plaintiff must consult with the realtor regarding the listing price. Therefore the Elizabeth property shall not be listed at less than $270,000.00 and the Bayonne property shall not be listed for less than $400,000.00. Defendant shall continue to control listing of the properties until properties are sold and have the ultimate right to accept any offers.

Because defendant did not sell the properties within one year, plaintiff was given the right to proceed with the sale of the properties consistent with the terms of the PSA, the April 16, 2021, October 25, 2024, December 13, 2024, May 23, 2025, and June 27, 2025 orders. The court's orders consistently enforced the clear terms of the PSA, explaining its reasoning for doing so.

Moreover, the trial court's findings are supported by adequate, substantial and credible evidence in the record, and therefore are binding on appeal. Gnall v. Gnall, 222 N.J. 414, 428 (2015) (citing Cesare v. Cesare, 154 N.J. 394, 411-

12 (1998)).  Therefore, there is no basis for us to disturb the judge's findings and legal conclusions in the June 27, 2025 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-3858-24